IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUREECE CLARK,

        Plaintiff,                    No.  2:12-cv-2159 KJN P

    vs.

THOMAS MCGUIRE, et al.,

        Defendants.            <u>ORDER</u>

                              /

       Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, in this action seeking relief pursuant to 42 U.S.C. § 1983.

       On October 31, 2012, the court ordered the United States Marshal to serve process upon the defendants in this case.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants.  If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

////

1    On March 15, 2013, the United States Marshal filed a return of service with a USM-285 form showing total charges of $55.00 for effecting personal service on defendant McGuire and a USM-285 form showing total charges of $55.00 for effecting personal service on defendant Griffiths.  The form shows that a waiver of service form was mailed to the defendants on November 14, 2012, and that no response was received.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A)  the expenses later incurred in making service; and
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendants Griffiths and McGuire were given the opportunity required by Rule 4(d) to waive service and has failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, defendants Griffiths and McGuire shall each pay to the United States Marshal the sum of $55.00, unless within that time defendants file a written statement showing good cause for their failure to waive service.  The court does not intend to extend this fourteen day period.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED:  May 13, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

clar2159.taxcost