UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE CLARK,<br><br>    Plaintiff,<br><br>   v.<br><br>THOMAS McGUIRE, et al.,<br><br>    Defendants. | No.  2:12-cv-2159 LKK KJN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 3, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Both parties have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  One contention raised by defendant McGuire in his objections requires comment by this court.

The magistrate judge's recommendation that summary judgment be denied for defendant McGuire rests in large part on the finding of a factual dispute between the parties as to whether

1

1  plaintiff turned toward the officers or made gestures that made it look like he was going to shoot
2  them as he exited a tool shed in a neighborhood backyard.  <u>See</u> Findings and Recommendations
3  (ECF No. 36) at 15.  In the objections, defendant  asserts that at his deposition plaintiff testified
4  that he looked toward Officers McGuire and Griffiths "after exiting the shed when heard them
5  announce "Freeze or I'll shoot."  Def. McGuire's Objs. (ECF No. 37) at 6.  Defendant misreads
6  plaintiff's deposition.

7      At his deposition, plaintiff testified that when he first had contact with defendants
8  McGuire and Griffiths he was in a residential neighborhood walking down the street drinking
9  some water and they were in a patrol car.  Clark Dep. at 13:4-13.  Plaintiff testified that he "ran
10 from them because they were behind" him.  <u>Id.</u> at 13:12.  He testified that deputies "got out of the
11 car and said, 'Freeze or I'll shoot.'  And they ran toward me with a 40-cal and a 12-gauge."  <u>Id.</u> at
12 13:14-16; 14:24-15:1.  Plaintiff testified that he glanced over his right shoulder and saw them
13 running after him.  <u>Id.</u> at 15:4-5.  He ran, hopped a few fences, and ended up in the backyard tool
14 shed.  <u>Id.</u> at 15:8-19:16.

15     He estimates that was in the shed for an hour or two.  <u>Id.</u> at 21:23-15.  While he was in the
16 shed, he saw a dog and heard two "flash-bangs."  <u>Id.</u>  at 21:15-16.  He looked out of the shed
17 through a gap in the shed door and saw a dog and four officers opening a fence to look into the
18 backyard.  <u>Id.</u> at  22:15-23:9.  Plaintiff testified that after the officers opened the fence he didn't
19 see anything further because he was trying to get out of the shed.  <u>Id.</u> at 24:2-8.  He testified that
20 he pushed open the shed door with his shoulder, "came out and made a left.  And I screamed,
21 with my hands in the air, 'I'm unarmed,' and I ran towards the fence.  And all I heard was a shot .
22 . ."  <u>Id.</u> at 24:12-16.  He then testified that when he came out of the shed all he heard was "'Freeze
23 or I'll shoot,'" and he said that he was unarmed.  <u>Id.</u> at 25:14-16.

24     Plaintiff's deposition testimony is that the officers said "Freeze or I'll shoot" at two
25 separate times.  The testimony cited by defendant McGuire in his objections refers to plaintiff's
26 testimony about the first time he heard officers say "Freeze or I'll shoot," which was when,
27 according to plaintiff, he was walking down the residential street.  It was at that point, according
28 to plaintiff, that he looked over his shoulder and saw the officers and "the only time that I actually

got a chance to see what they looked like. Once I turned and ran, I never seen them again" until he saw defendant Griffiths at his criminal trial. Id. at 31:12-15. Contrary to defendant's assertion in his objections, the cited testimony does not indicate that Clark looked toward the officers as he was exiting the shed. The magistrate judge correctly identified and described this factual dispute.

Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 3, 2014, are adopted in full; and

2. Defendants' summary judgment motion (ECF No. 28) is granted as to defendant Griffiths and denied as to defendant McGuire.

DATED: August 28, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT